

**U.S. Department of Justice**

*United States Attorney's Office*
*Western District of Wisconsin*

*Telephone 608/264-5158*
*TTY 608/264-5006*
*Administrative Facsimile 608/264-5183*
*Civil Division Facsimile 608/264-5724*
*Criminal Division Facsimile 608/264-5054*

*Address:*
*222 West Washington Avenue*
*Suite 700*
*Madison, Wisconsin 53703*

July 20, 2021

Christopher T. Van Wagner
110 E. Main Street
Suite 705
Madison, Wisconsin  53703

Re:     *United States v. Brett Blomme*
         Case No. 21-cr-49-jdp

Dear Attorney Van Wagner:

This is the proposed plea agreement between the defendant, the United States, and the State of Wisconsin.

1.      The defendant agrees to plead guilty to the indictment in this case. Counts 1 and 2 of the indictment charge violations of Title 18, United States Code, Section 2252(a)(2).  Each count carries a mandatory minimum sentence of five years in prison and five years of supervised release, as well as maximum penalties of 20 years in prison, a $250,000 fine, a lifetime period of supervised release, a $5,000 assessment pursuant to 18 U.S.C. § 3014(a) (if the Court finds the defendant is not indigent), a mandatory $100 special assessment, and the entry of an appropriate restitution order pursuant to 18 U.S.C. § 2259(b)(2)(B).  In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583.  The defendant agrees to pay the special assessment at or before sentencing.  The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment.  In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.      The defendant acknowledges, by pleading guilty, that he is giving up the following rights:  (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

July 20, 2021
Page 2 of 6

3.      The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States.  The defendant nevertheless affirms he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

4.      The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility.  This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1.  Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments.  The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility.  This recommendation is contingent on the defendant signing this plea letter on or before August 2, 2021.

5.      The United States agrees that these two guilty pleas will completely resolve all possible federal and state criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States and the State of Wisconsin as of the date of this plea agreement.  The defendant understands and agrees that if he ever successfully moves to vacate his guilty pleas in this case, he would have thereby breached this plea agreement with the United States and the State of Wisconsin, and he would thereby allow both the United States and the State of Wisconsin to pursue any and all criminal charges otherwise encompassed by this plea agreement, and he would also be knowingly waiving any statute of limitations protections and defenses against those same charges which would otherwise be available to him, and at that time both the United States and the State of Wisconsin would be free to file any charges otherwise encompassed by this agreement.  The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

6.      The defendant understands that restitution in this case is governed by 18 U.S.C. § 2259.  The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction.  The exact restitution figure will be agreed

upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

7.      The parties agree that the victims of state crimes, both charged and uncharged, related to the defendant's conduct in this case are "victims" under 18 U.S.C. § 3771 and are entitled to the same rights as victims of the federal offenses, including, as noted above, the right to restitution and the right to be heard at sentencing. The parties further agree, pursuant to USSG § 1B1.2(c), that defendant's acts relating to these persons are relevant conduct for sentencing purposes.

8.      The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph 4 above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting, and efforts to make the agreed-upon immediate restitution payments.

9.      The defendant agrees not to file a claim to the asset listed in the forfeiture allegation in the indictment. This asset is described as a gray Apple iPhone with a yellow protective cover, serial number F17CDZABN6XR. The defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. The defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

10.     The defendant acknowledges that he used the Apple iPhone listed in indictment's forfeiture allegation to distribute sexually explicit images of children on Kik Messenger, as described in Counts 1 and 2 of the indictment.

11.     The defendant agrees he is the sole owner of the property discussed above, and agrees to hold the United States, its agents, and employees harmless from any claims connected to the seizure or forfeiture of property covered by this agreement.

12.     The defendant agrees to consent to the order of forfeiture for the property

July 20, 2021
Page 4 of 6

listed in the forfeiture allegation of the indictment and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant acknowledges that he understands the forfeiture of assets is part of the sentence that may be imposed.

13.     The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the U.S. Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

14.     The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant acknowledges that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct or property involved in illegal conduct giving rise to forfeiture.

15.     In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

16.     In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed.

17.     The defendant understands that sentencing discussions are not part of the plea agreement.  The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

18.     If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me.  By his signature below, the defendant acknowledges his understanding that neither the United States, nor the State of Wisconsin have made any promises or guarantees regarding the sentence which will be imposed.  The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the

July 20, 2021
Page 5 of 6

maximum penalties set out above.

19.     By your signatures below, you and the defendant also acknowledge that
any previous plea offers have been rescinded.

Very truly yours,

TIMOTHY M. O'SHEA
Acting United States Attorney

By:

8/4/2021
_____
Date

CHADWICK M. ELGERSMA
Assistant United States Attorney

8/2/2021
_____
Date

_____
CHRISTOPHER T. VAN WAGNER
Attorney for the Defendant

_____
BRETT BLOMME
Defendant

8/2/2021
_____
Date

Although the State of Wisconsin is not a party to this federal criminal case, it is a party
to this "global" plea and settlement agreement between the three listed parties, and as a
full signatory party to this agreement and in consideration of defendant's guilty pleas
and subsequent convictions hereunder, the State of Wisconsin agrees to dismiss all
pending charges against defendant Blomme in Dane County Case No. 2021-CF-0647 if
defendant Blomme pleads and is convicted and sentenced in accordance with this plea
and settlement agreement.

7-21-21
_____
Date

_____
DAVID W. MAAS
Assistant Attorney General
State of Wisconsin – Department of Justice,
Division Legal Services

Enclosure