IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

v.

BRETT BLOMME,                                         Case No.:  21-cr-49-jdp

Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The United States of America, by its attorneys Timothy M. O'Shea, Acting United States Attorney for the Western District of Wisconsin, and Chadwick M. Elgersma, Assistant United States Attorney, hereby submits this memorandum to aid the Court in sentencing the defendant on December 22, 2021.

## I.   DEFENDANT'S ADVISORY GUIDELINE CALCULATION

The advisory guidelines computation, as set forth in the revised Presentence Investigation Report (PSR), shows a total offense level of 34 and Criminal History Category of I.  (R. 25, ¶¶ 64; 91.)  This results in an advisory guideline imprisonment range of 151-188 months.  (*Id*. at ¶ 91.)  Under 18 U.S.C. §§ 2252(a)(2) and (b)(2), the offense of conviction carries a mandatory minimum sentence of five years in prison.  (*Id*. at ¶ 90.)

## II.   GOVERNMENT'S SENTENCING RECOMMENDATION

After considering the factors set forth in 18 U.S.C. § 3553(a), a term of imprisonment within the advisory guideline range of 151-188 months, followed by a

20-year period of supervised release, is reasonable and no greater than necessary to hold the defendant accountable for his conduct, provide specific deterrence, and protect the community. The government's recommendation is based on the following factors:

    a.    <u>Nature of the Charged Conduct and Characteristics of the Defendant</u>

In early 2021, the Wisconsin Department of Justice-Division of Criminal Investigation (DCI) received a tip that, between October and November 2020, someone with a username of "dommasterbb" distributed 27 files of child pornography via Kik Messenger. Based on this complaint, DCI agents obtained a search warrant for "dommasterbb's" Kik account and ultimately received a wealth of information. Most notably, agents learned that the defendant's personal information, including his Google email address, was linked to "dommasterbb's" Kik user profile. In addition, records from Google revealed that the defendant used his true name and date of birth when he set up his personal email account. Faced with overwhelming evidence, agents concluded that "dommasterbb" was, in fact, Milwaukee County Children's Court Judge Brett Blomme.

The investigation did not stop there. Agents also reviewed log files they received from Kik. These log files captured transactional data each time "dommasterbb" distributed the child pornography, including the IP address. Subscriber information associated with all of the IP addresses showed the defendant brazenly distributed child pornography from his house in Cottage Grove, his friend's house in the Milwaukee area, and the Milwaukee County Children's Court Center – undoubtedly from the sanctity of his chambers.

The pictures and videos distributed by the defendant are heart wrenching to describe. They depict naked prepubescent children posing in lewd and lascivious ways; adults committing sexual acts on minors; and underage children performing sexual acts on adults. (*Id*. at ¶¶ 10-16.) The most disturbing video sent by the defendant involved the forceable rape of a toddler. (*Id*. at ¶ 10(d).) It is unfathomable to believe that the defendant not only received sexual gratification from such abhorrent material, but he felt the need to share it with others.

The defendant truly lived a double life. On one hand, he was an officer of the court who had a legal and ethical obligation to promote justice. He represented himself as someone who "[fought] for the most marginalized in our community."[1] On the other hand, he was a purveyor of child pornography. He viewed and distributed child sexual abuse material to satisfy his own twisted and selfish desires. Given the nature of the charged conduct, coupled with the defendant's specific characteristics, justice demands that he receive a term of imprisonment between 151-188 months.

b. <u>Specific Deterrence</u>

The government acknowledges that the defendant has no criminal history. (*Id*. at ¶ 67.) However, this changed when he sent child pornography to other people on the Internet. The defendant unquestionably knew his actions were illegal. He is highly educated, passed the bar exam, and is licensed to practice law in two states. (*Id*. at ¶ 83-

---

[1] Jearmey Jannene, *Milwaukee County Circuit Court – Branch 5*, Urban Milwaukee, March 28, 2020, located at https://urbanmilwaukee.com/2020/03/28/vote-absentee-milwaukee-county-circuit-court-branch-5/ (last visited December 15, 2021).

84.) He also worked as an attorney for the City of Madison *and* the Wisconsin Public Defender's Office before being elected as a judge in Milwaukee County. (*Id*. at ¶¶84-86.) Despite his extensive education and in-depth knowledge of the law, the threat of incarceration did not stop the defendant from committing his crimes. Therefore, a significant term of imprisonment is now needed to deter the defendant from committing any future crimes.

    c. <u>Protect the Public from Future Crimes Committed by the Defendant</u>

Finally, a sentence in the advisory guideline range of 151-188 months is necessary to protect the community. When executing a search warrant at the defendant's residence, agents found electronic devices that contained numerous text messages between the defendant and other individuals. Many of these texts centered on the defendant's sexual interest in children. (*See* Exhibit A). The defendant told someone that he impersonated a teenager so he could chat with a 14-year-old child. (*Id*. at 26302-03). He openly expressed his attraction to children, some as young as 12 years of age. (*Id*. at 26296-98; 26302-04; 26311-13.) Even as far back as 2016, the defendant talked about engaging in sexual intercourse with teenage boys. (*Id*. at 26364-65.)

In addition to discussing his sexual desires, the defendant brainstormed about ways he could get access to teenage children. For example, on one occasion the defendant contemplated becoming a middle school coach. (*Id*. at 26329-35.) The person talking to the defendant warned him that the idea was "pretty risky." (*Id*. at 26335.)

The defendant's actions between October and November 2020 were not an anomaly. By his own admission – in the form of text messages – the defendant wanted

to have sex with minors for years. He targeted children online, talked with people who had the same desires, and considered different ways to gain access to potential victims. The defendant is unequivocally a danger to children, and a significant term of imprisonment is necessary to protect the community.

### III.     CONCLUSION

For all of the aforementioned reasons, the government recommends a term of imprisonment within the advisory guideline range of 151-188 months, followed by a 20-year period of supervised release.

Dated December 20, 2021

>                               Respectfully submitted,
>
>                               TIMOTHY M. O'SHEA
>                               Acting United States Attorney
>
>                               By:  /s/ *Chadwick M. Elgersma*
>                               _____
>                               CHADWICK M. ELGERSMA
>                               Assistant United States Attorney